No. 42,198

THE WOODS-RINGSTAFF LUMBER COMPANY, a Co-partnership; R. C. WOODS, Surviving Partner of the Co-partnership, Doing Business as the WOODS-RINGSTAFF LUMBER COMPANY, *Appellees,* v. HAROLD E. POND and GOLDA M. POND, *Appellants.*

(362 P. 2d 615)

Opinion filed June 10, 1961.

*Tom Crossan,* of Independence, argued the cause and was on the brief for the appellants.

*C. W. Mitchell,* of Cherryvale, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an action by a subcontractor to foreclose a materialman's lien upon property of defendants. The case has not

been tried and is here, on appeal by defendants, from certain rulings as to pleadings hereafter mentioned.

In their brief plaintiffs (appellees) concede that the statement of facts as to the contents of the pleadings outlined by defendants (appellants) in their brief is "substantially correct." We therefore summarize from that statement:

In 1957 defendants entered into a contract with one Wayne Line, doing business as Line Supply and Construction, to make certain repairs on a factory building in Cherryvale. On February 21, 1958, the Woods-Ringstaff Lumber Company, of Cherryvale, filed a purported materialman's lien in the office of the clerk of the district court of Montgomery county, claiming a lien upon defendants' property as a subcontractor who had furnished material to Line, doing business as Line Supply and Construction. Defendants had fully paid Line for all labor and material used on the construction job, such payment having been made prior to the date of filing of the lien affidavit. On October 21, 1958, Line filed a petition in bankruptcy in the federal court at Wichita. On November 1, 1958, the Woods-Ringstaff Lumber Company filed its claim against Line, doing business as Line Supply and Construction, in the bankruptcy proceeding. There was never any privity of contract between the lumber company and defendants. On January 19, 1959, Line was discharged in bankruptcy.

On February 15, 1959, the Woods-Ringstaff Lumber Company, which was alleged to be a copartnership composed of R. C. Woods, E. E. Woods, O. H. Woods and W. F. Ringstaff, filed this action against defendants seeking recovery in the amount of $3,231.15. Defendants filed an answer to the petition. Plaintiff filed a reply and a demurrer to the answer. It then developed that the partnership had been dissolved prior to the filing of the action by virtue of the death of O. H. Woods. Subsequently, an amended petition was filed by a different Woods-Ringstaff Lumber Company in which it was alleged the partners in the firm were R. C. Woods, E. E. Woods, Muriel Lough Woods and W. F. Ringstaff. Thereafter R. C. Woods, as surviving partner of the second Woods-Ringstaff Lumber Company, filed a petition as an intervening plaintiff alleging that he was the proper person to bring the action. He filed a supplemental petition.

Defendants filed answers to the petitions of plaintiffs (the second Woods-Ringstaff Lumber Company) and R. C. Woods (the inter-

vening plaintiff as surviving partner of the second Woods-Ringstaff Lumber Company). Both plaintiffs (the second Woods-Ringstaff Lumber Company) and R. C. Woods (the intervening plaintiff) filed replies to the answers. These replies contained special demurrers to portions of the answers.

Among other things, the answers contained the following defenses:

The purported lien statement was not properly itemized; a denial that defendants were indebted to plaintiff intervenor; a denial that such "second" plaintiff or intervenor had or was entitled to any lien on the property of defendants; that Line had been fully paid for all material and labor furnished to defendants; that the lien affidavit was not filed within the statutory time; a denial that the alleged affidavit was a correct statement as to the amount of materials used on defendants' premises; a denial that Line was the agent of defendants; that the Woods-Ringstaff Lumber Company, by filing its claim for $720.94 against Line in the bankruptcy proceeding and by alleging in that claim that such sum was the amount owed to claimant by Line, had by its actions led a court of competent jurisdiction to adjudge such to be the entire amount owed to claimant by Line, thus rendering the matter *res judicata;* that the discharge of Line in bankruptcy effected a discharge of defendants; that by asserting a claim in the bankruptcy court for less than the amount now claimed in this action the Woods-Ringstaff Lumber Company was estopped from claiming more than $720.94 from Line or defendants, and that the Woods-Ringstaff Lumber Company received $39.95 through the bankruptcy court on its claim against Line. The answers also contained general denials of the statements and allegations contained in the various petitions.

The special demurrers contained in the replies were lodged against the allegations in the answers as to the bankruptcy of Line, and were taken under advisement by the court.

Before they were ruled on defendants filed a motion for leave to file amended answers, and plaintiff (the second Woods-Ringstaff Lumber Company) and R. C. Woods (intervening plaintiff as surviving partner) filed a motion to substitute a third Woods-Ringstaff Lumber Company, an alleged partnership consisting of E. E. Woods, R. C. Woods and Muriel Woods, as plaintiff, and alleged that such partnership was the owner of the alleged indebtedness of defendants. No amended petition was offered for filing.

On June 4, 1960, the court sustained the motion and substituted the third alleged partnership as plaintiff, under the pleadings previously filed, without requiring new pleadings to show the interest of the new partnership in the action. The court further overruled defendants' motion to file amended answers, despite the fact a new party had been substituted as plaintiff. The court also sustained the special demurrers contained in the replies filed by the second Woods-Ringstaff Lumber Company and R. C. Woods as surviving partner, the intervening plaintiff. Defendants then moved for permission to file amended answers to set forth their claims that the conduct of the first Woods-Ringstaff Lumber Company with respect to the bankruptcy proceeding of Line was fraudulent, such motion being based upon alleged newly discovered evidence. The motion was overruled.

Defendants have appealed from various rulings—including the order sustaining the special demurrers to portions of the answers and the order denying their motion for permission to file amended answers.

Plaintiffs suggest that some of the rulings complained of are not "final orders" and therefore not subject to review. The point is not well-taken. The ruling on the demurrers is made appealable by statute ( G. S. 1949, 60-3302 ). Defendants also appealed from, and specified as error, the other rulings in question.

In a situation such as this, which discloses a highly confused state of the pleadings, we feel that we are not called upon to discuss in detail all of the various contentions made. To do so would of a certainty add nothing to the law on the subject and merely encumber the reports. Pleadings are to be made up and issues joined in the trial court.

Defendants' answers were filed to the petitions of the "second" plaintiff and the intervening plaintiff. Those plaintiffs filed replies containing special demurrers to parts of the answers—which were sustained. The "third" plaintiff has filed no pleadings. Defendants contend they should have been permitted to file amended answers as against the substituted (third) plaintiffs so as to eliminate any possible defects which may have been the ground for the demurrers, and further—to raise the question as to the real party in interest. We believe that under the facts here shown their contention is well-taken and that the court erred in denying defendants the right to amend. G. S. 1949, 60-710, in pertinent part, provides that

a defendant may set forth in his answer as many grounds of defense as he may have. G. S. 1949, 60-761, provides that if a demurrer be sustained the adverse party may amend if the defect can be remedied by way of amendment, with or without costs, as the court in its discretion shall direct. G. S. 1949, 60-764, provides that either party may be allowed, on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case occurring after the former petition, answer or reply.

As the matter now stands, the issues raised by the numerous pleadings and motions are not joined. Under the circumstances, we express no opinion as to the merits of the case with reference to the alleged lien, the bankruptcy proceeding or the special demurrers contained in the replies. The case should be brought to issue so as to enable the parties to proceed to trial. The extent of our holding is that it was error to deny defendants the right to file amended answers—and to that extent the judgment below is reversed.